(V.D. 129)

## Verona Dyestuffs v. United States

Entry No. 92277, etc.

(Decided April 5, 1965)

*Eugene R. Pickrell* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

Wilson, Judge: This matter is before me on remand from classification proceedings decided by this court in *Verona Dyestuffs* v. *United States,* 49 Cust. Ct. 286, Abstract 67165, wherein the matter was remanded to a single judge sitting in reappraisement. It has been submitted for decision on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court:

1. That the items marked "A" and designated on the invoices as "Product CA 1028" (Naphtopon E), and initialed "A" by Examiner J. J. O'Connor, Jr. on the invoices covered by the above protests, were appraised on the basis of United States value.

2. That said merchandise consists of esters and ethers of ethylene oxide in water solution and is not derived in whole or in part from any product provided for in Paragraphs 27 or 1651.

3. That the merchandise was appraised on the basis of United States value, pursuant to Paragraph 27(c) and (d), Tariff Act of 1930, and it is claimed that liquidation based on such appraisement is illegal, null and void where value has not been determined in accordance with the provisions of Section 402, Tariff Act of 1930, as amended, and the merchandise is not derived in whole or in part from any products provided for in Paragraphs 27 or 1651.

4. That at the time of exportation to the United States of the merchandise herein, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country

471

of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, is 35¢ per pound, less ocean freight and insurance.

5. That the home consumption price was DM 2.66 per kilo.

6. That the involved merchandise was entered, or withdrawn from warehouse, for consumption on and after February 27, 1958, and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D..54521).

7. That these protests may be submitted on this stipulation, being limited to the merchandise marked "A" as aforesaid.

Upon the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the involved merchandise and that such value was 35 cents per pound, less ocean freight and insurance.

Judgment will be rendered accordingly.